## No. 25-5118

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

*In re: Subpoena Issued to Federal Bureau of Investigation*

United States of America,
*Petitioner - Appellee*,

v.

Kavon Young,
*Respondent - Appellant.*

_____

On Appeal from the United States District Court
for the District of Columbia

# APPELLANT'S UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL AND VACATUR OF DISTRICT COURT DECISION

HANNA PERRY
D.C. Circuit No. 64224
PUBLIC DEFENDER SERVICE
FOR THE DISTRICT OF COLUMBIA
633 3rd Street NW
Washington, DC 20001
(202) 579-0633
hperry@pdsdc.org

## INTRODUCTION

Both Parties agree that this case is moot because the United States has dismissed the underlying criminal case that this matter relates to. The relief requested in this matter on appeal was enforcement of a subpoena for records relevant to defending against a criminal prosecution that the United States brought against Mr. Young in D.C. Superior Court. As that criminal prosecution has now been dismissed, no further relief can be awarded. In these circumstances, where mootness has frustrated an appellant's attempt to obtain review of an adverse ruling, this Court has an established practice of vacating the district court decision so that the appellant does not have to suffer the legal consequences of the unreviewable ruling. This Court should follow that practice here and vacate the district court's order and judgment. Undersigned counsel has conferred with the government, and the United States does not oppose vacatur of the district court decision.

## BACKGROUND

At issue in this case is a judge-signed subpoena for documents in the United States' possession issued in a criminal case in D.C. Superior Court. As part of Mr. Young's defense in that underlying criminal prosecution, D.C. Superior Court Case Number 2019 CF1 12406, he served a subpoena duces tecum for certain documents from the Federal Bureau of Investigation. The United States removed that subpoena to the District Court for the District of Columbia and moved to quash it, asserting

1

sovereign immunity, while Mr. Young moved to remand the case to Superior Court or, in the alternative, for enforcement of the subpoena. The district court ultimately granted the United States' motion to quash and denied Mr. Young's motion. *See* Exhibit A, District Court Order. Mr. Young filed a notice of appeal of that decision to the D.C. Circuit on April 11, 2025. However, on April 18, 2025, one week after Mr. Young filed his notice of appeal to the D.C. Circuit, the United States voluntarily dismissed the underlying criminal prosecution against him. *See* Exhibit B, D.C. Superior Court Dismissal Order.

## **ARGUMENT**

This Court should dismiss this appeal pursuant to Fed. R. App. P. 42(b)(2), and consistent with its established practice, vacate the district court's order and judgment because mootness has rendered them unreviewable. Mr. Young pursued enforcement of this subpoena in order to obtain evidence to defend against the United States' prosecution against him in D.C. Superior Court. However, now that the prosecution has been dismissed, "there is no pending proceeding in which the discovery can be used, the validity of the subpoena presents no live case or controversy, and the appeal has become moot." *Harter v. Iowa Grain Co.*, 1998 WL 796131, *1 (D.C. Cir. Oct. 28, 1998) (vacating a district court decision on a motion to compel compliance with a subpoena where the underlying matter to which the subpoena related was resolved "during the pendency of the appeal"). *See also El*

2

*Paso v. Reynolds*, 887 F.2d 1103, 1105–06 (D.C. Cir. 1989) (finding appeal regarding trial subpoena moot and vacatur of a district court decision appropriate where "there is no longer a trial proceeding in aid of which a subpoena for discovery deposition may issue").

Where, as here, "a civil case becomes moot pending appellate adjudication, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss." *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 71 (1997) (cleaned up). Courts follow this practice "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950). *See also Columbian Rope Co. v. West*, 142 F.3d 1313, 1318 n.5 (D.C. Cir. 1998) (Vacatur is "'the duty of the appellate court' when a case has become moot through happenstance while appeal was pending." (quoting *Munsingwear*, 340 U.S. at 40)). Vacatur is particularly appropriate here as mootness resulted from the conduct of the United States—the party that prevailed below. Indeed, where mootness results from the "the unilateral action of the party who prevailed in the lower court," vacatur "must be granted." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994). *C.f., Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 634 ("Where happenstance has made a matter moot, the standard practice is to vacate the decision of the district court."). Because the United States voluntarily dismissed the

3

underlying criminal action to which the subpoena at issue in this appeal related, thus mooting this action, the unreviewable district court decision should be vacated. The United States does not oppose this requested relief.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Mr. Young's Unopposed Motion, dismiss this appeal, and vacate the district court's order and judgment.

Respectfully submitted,

<u>/s/ Hanna M. Perry</u>
D.C. Circuit No. 64224
PUBLIC DEFENDER SERVICE
FOR THE DISTRICT OF COLUMBIA
633 3rd Street NW
Washington, DC 20001
(202) 579-0633
hperry@pdsdc.org

*Counsel for Kavon Young*

4

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(1) because the motion contains 783 words, excluding exempted parts. This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type style.

Dated: May 15, 2025

/s/ Hanna M. Perry
Hanna M. Perry

# CERTIFICATE OF PARTIES

Respondent/appellant is Kavon Young. Petitioner/appellee is the United States.

Dated: May 15, 2025

/s/ Hanna M. Perry
Hanna M. Perry

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of May, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I certify that all participants in this case are registered CM/ECF users.

Dated: May 15, 2025

/s/ Hanna M. Perry
Hanna M. Perry